**William Everett et al., Plaintiffs in Error, v. The Parker-Washington Company, Defendant in Error.**

**Gen. No. 15,266.**

MUNICIPAL COURT—*what will not justify reversal of judgment.* Even if the trial judge of the Municipal Court may err in ruling upon propositions of law submitted to him, yet under the Municipal Court Act it is not the duty of the Appellate Court to reverse the judgment rendered if substantial justice has been done.

Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed March 3, 1911. Rehearing denied March 10, 1911.

**Statement by the Court.** Plaintiffs in error brought a suit of the fourth class in the Municipal Court to recover $479.76, for coal delivered to the defendant in February, 1908. Defendant claimed that it bought the coal from Boedeker & Co., to whom it made payment therefor. The case was tried without a jury, and resulted in a judgment in favor of the defendant, to reverse which plaintiffs sued out of this court a writ of error.

It appears that plaintiffs were buying coal from Boedeker & Co., and were selling to defendant, which was then engaged in constructing a tunnel for the city of Chicago, and had limited storage capacity. The

coal was being delivered at the rate of about a car-load a day from the yards of plaintiffs, by wagon, to the different plants of defendant, and was billed to it by the ton. In the latter part of January, 1908, and owing to a disagreement between the parties, defend-ant ordered plaintiffs to stop deliveries to it. This left on hand with plaintiffs several carloads of coal, and it is claimed that one Downing, an agent of Boed-eker & Co., undertook to dispose of this coal, and that he did, in fact, arrange to sell it to defendant, though at a less price per ton than that charged by Everett & Son.

Plaintiffs, agreeable to an arrangement with Down-ing, actually delivered the coal to the defendant from the cars mentioned by teams, whose drivers delivered tickets showing the coal to be received from plaintiffs, and plaintiffs charged upon its books the coal at the price it had theretofore been receiving, and delivered bills therefor to defendant, who claimed, in turn, that it turned over these bills to Boedeker & Co. Boedeker & Co. billed the coal to defendant at the price agreed upon, and were paid by the defendant for it.

A. W. MARTIN and EDWARD H. S. MARTIN, for plaint-iffs in error.

FRANK L. CHILDS and ODE L. RANKIN, for defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

The controversy is really to determine whether the plaintiffs shall be paid for the coal in question by the defendant, or whether the contention of the defendant is true that it had ceased its dealings with plaintiffs, and had actually bought the coal in question from Boedeker & Co., and had paid them for it,—and, there-fore, whether the plaintiffs, in delivering it, were really

delivering their own coal, or delivering for Boedeker & Co.

The controversy is essentially one of fact. The testimony was conflicting, and the trial court had the benefit of personally observing the witnesses and hearing their testimony. Even if the court below erred in some of the propositions submitted to it, yet, under the Municipal Court Act, it is not the duty of this court to reverse the judgment of the court below if substantial justice has been done, as we find in this case it has been.

*Affirmed.*